IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NATASHA RICHARDSON-EDMONDS, ) <br> Individually and as Surviving Spouse of Kenny ) <br> Dean Edmonds, Deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COXHEALTH, LESTER E. COX MEDICAL ) <br> CENTERS, d/b/a COX MEDICAL CENTER - ) <br> BRANSON, AND JOHN/JANE DOE ) <br> DEFENDANTS, ) <br> ) <br> Defendants. ) | Case No. 6:26-cv-03092-MDH |

## ORDER

Before the Court is Plaintiff Natasha Richardson-Edmond's *Pro Se* Amended Motion to Remand (Doc. 9) and *Pro Se* Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction.[1] Defendants have filed Suggestions in Opposition (Docs. 14 and 15), and Plaintiff has filed replies. (Docs. 19 and 21). The motions are now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's *Pro Se* Amended Motion to Remand is **GRANTED** and Plaintiff's *Pro Se* Motion for TRO and Preliminary Injunction is **FOUND AS MOOT**.

## BACKGROUND

This case arises from treatment rendered to Kenny Dean Edmonds (the "Decedent") at Cox Medical Center - Branson from November 1 to November 10, 2024. Plaintiff Natasha Richardson-Edmonds resides in Rockaway Beach in Taney County, Missouri and was the wife and heir of

---

[1] Plaintiff filed a Motion to Remand as evidenced in Doc. 8. However, as Plaintiff subsequently filed an Amended Motion to Remand which is similar to her original Motion to Remand, the Court will find Plaintiff's original Motion to Remand as moot.

1

Kenny Dean Edmonds. Defendant Cox Medical Center - Branson is a corporation organized under the laws of Missouri, with its principal place of business in Branson, Missouri. Defendant CoxHealth and/or Lester E. Cox Medical Centers own and operate Cox Medical Center - Branson. Defendant John/Jane Doe Defendants are individuals and/or entities employed by or acting on behalf of CoxHealth who participated in, contributed to, or concealed the misconduct alleged in the Complaint.

On November 1, 2024, the Decedent was brought by ambulance to Cox Medical Center - CoxHealth Branson's Critical Care Unit for acute hypoxic respiratory failure and severe congestive heart failure. During the hospitalization, Plaintiff alleges that the Decedent was administered approximately 60 distinct medications, which were contra-indicated, unnecessary, or given without informed consent. Plaintiff states that she and Decedent repeatedly requested that staff discontinue unnecessary medications, but those requests were ignored. Plaintiff further alleges that on November 5, 2024, that Decedent was dropped from a gurney, resulting in a fractured wrist later confirmed by the Department of Veteran Affairs ("VA") after discharge. Plaintiff alleges the injury was not documented in the medical record and no treatment was provided. Plaintiff states that restraints were applied to Decedent without a valid medical order or informed consent and that on November 8, 2024, a flu vaccine was administered without verifying prior vaccination status or obtaining consent. Decedent was discharged on November 10, 2024. Plaintiff alleges that Decedent's condition deteriorated, suffering for weeks with bed sores, culminating in organ failure and death on March 4, 2025.

Plaintiff further alleges that both she and Decedent, prior to his death, made repeated request for complete medications records and for internal-review findings to which Defendant CoxHealth failed to produce. Plaintiff states that Defendant CoxHealth billed the VA for virtual

physician visits, in-person bedside visits that never occurred, and a post-mortem physician visit dated after the Decedent's burial. Plaintiff further alleges that Decedent's medical records contains altered, deleted, and fabricated entries including babysitting logs and false statements that Plaintiff verbally abused staff. Plaintiff alleges that Decedent's protected health information was disclosed to his adult daughter and her boyfriend on two separate occasions without valid written authorization.

Plaintiff brings her Complaint alleging thirteen different counts: Count I - Medical Negligence/Malpractice; Count II - Corporate/Systemic Negligence; Count III - Wrongful Death; Count IV - Survival Action; Count V - Fraudulent Concealment; Count VI - Spoilation of Evidence; Count VII - Health Insurance Portability and Accountability Act ("HIPAA") Violations; Count VIII - False Claims (Federal); Count IX - Unauthorized Organ-Preparation; Count X - Battery; Count XI - Intentional Infliction of Emotional Distress; Count XII - Elder/Adult Abuse & Patient-Rights Violations; and Count XIII - Public Safety Threat & Injunctive/Declaratory Relief.

Plaintiff brings her current motion seeking to remand this case back to the Circuit Court of Taney County, Missouri. Plaintiff seeks a TRO and preliminary injunction asking the Court to prohibit Defendants from altering, destroying, concealing or otherwise disposing of any and all records related to the medical care and treatment of Kenny Dean Edmonds and compelling Defendants to produce to Plaintiff a complete and certified copy of all medical and billing records concerning Kenny Dean Edmonds within fourteen (14) days. The Court will take each motion in turn.

**STANDARD**

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing

defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.,* citing *Junk v. Terminix Int'l* Co., 628 F.3d 439, 446 (8th Cir. 2010).

## DISCUSSION

**I.     Motion to Remand**

Plaintiff argues that this Court lacks subject-matter jurisdiction because Plaintiff's Complaint does not present a valid federal question. Specifically, Plaintiff argues that Count VII - HIPAA Violations fails to create federal jurisdiction because there is no private right of action under HIPAA. Plaintiff further argues that Count VIII - False Claims (Federal) fails to create federal jurisdiction because Plaintiff lacks standing and the claim is procedurally defective. Lastly, Plaintiff argues that since neither of her federal claims are valid federal questions, this Court cannot exercise supplemental jurisdiction over Plaintiff's state-law claims. Defendants argue that they were statutorily entailed to remove this case pursuant to 28 U.S.C. §§ 1441(a) and 1446. Defendants further argue that federal question jurisdiction exists on the face of Plaintiff's Complaint; Plaintiff's post-removal recharacterization is irrelevant; and the Court has supplemental jurisdiction over Plaintiff's remaining claims.

Title 28 U.S.C. § 1331 establishes that federal courts have original jurisdiction as to "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction generally "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Minn. Ex rel. Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 709 (8th Cir. 2023). This is referred to as the "well-pleaded complaint" rule. As a practical matter, the well-pleaded complaint rule allows a plaintiff to "avoid federal jurisdiction by exclusive[ly] rel[ying]

4

on state law" in asserting its claims for relief. *Id*. The Supreme Court has explained:

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional *power* to adjudicate the case.... As we stated in *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), "[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another," ... unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous...." *Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy....*"

*Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (citations omitted) (emphasis added).

    A.    **Count VII - HIPAA Violations**

Plaintiff's first federal count is one alleging violations of HIPAA. However, it is well settled case that HIPAA does not create a private right of action. *Adams v. Eureka Fire Prot. Dist.*, 352 F.App'x 137, 138 (8th Cir. 2009); see e.g., *Acara v. Banks,* 470 F.3d 569, 571–72 (5th Cir.2006) (per curiam); *Fast v. Fast,* 2007 WL 2417384, at *2 (D.Neb. Aug. 23, 2007); *Webb v. Missouri,* 2007 WL 805797, at *2 (W.D.Mo. Mar. 14, 2007); *Bradford v. Blake,* 2006 WL 744307, at *3 (E.D.Mo. March 23, 2006); *Bradford v. Semar,* 2005 WL 1806344, at *3 (E.D.Mo. July 28, 2005); see also *Fogle v. Mo. Dep't of Mental Health,* 2008 WL 5234757, at *2 (E.D.Mo. Dec. 15, 2008) ("Every court that has considered the issue has held that HIPAA does not create a private cause of action for violations of the act."). Since HIPAA does not create a private right, it cannot be privately enforced. Thus, the Court finds that Count VII - HIPAA Violations is completely devoid of merit as not to involve a federal controversy.

B.     **Count VIII - False Claims (Federal)**

Plaintiff's second federal count is one under the False Claims Act ("FCA"). The FCA authorizes private individuals to bring civil actions in the government's name, and such actions are referred to as qui tam actions. *Joule Stevenson, M.D. v. Mercy Clinic E. Communities*, No. 4:19CV973 RLW, 2020 WL 999804, at *2 (E.D. Mo. Mar. 2, 2020). In a qui tam action, the private individuals actually "sue on behalf of the government as agents of the government, which is always the real party in interest." *United States ex. rel. Rodgers v. State of Ark.*, 154 F.3d 865, 868 (8th Cir. 1998). Federal law authorizes persons to plead and conduct their own cases personally. 28 U.S.C. § 1654. However, as noted above, the United States, not plaintiff, is the real party in interest in this case.

It has long been established in the Eighth Circuit that non-lawyers may not litigate qui tam actions on behalf of the United States. *See United States v. Onan*, 190 F.2d 1, 6-7 (8th Cir. 1951). Other Circuits that have considered the issue have reached the same conclusion. *See Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008) (per curiam) (holding that a pro se litigant could not maintain a qui tam action under the FCA because he could not provide "adequate legal representation for the United States's interests, particularly where the United States would be bound by the judgment in future proceedings"); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007) ("Because qui tam relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing qui tam relators to proceed pro se in FCA actions.").

The Court finds that Plaintiff, proceeding *pro se*, cannot bring this action within the Eighth Circuit as non-lawyers may not litigate qui tam actions on behalf of the United States. As Plaintiff

is barred from bringing this claim, the Court finds Count VIII - False Claims (Federal) is devoid of merit as not to involve a federal controversy. With both of Plaintiff's federal claims completely devoid of merit as not to involve a federal controversy, along with Plaintiff's admission that she is unable to bring these claims, the Court will dismiss with prejudice Plaintiff's Count VII - HIPAA Violations and Count VIII - False Claims (Federal). Additionally, the Court finds that as Counts VII and VIII are devoid of merit as not to involve a federal controversy, and now dismissed, the Court does not have subject-matter jurisdiction over this case. For the reasons stated, the Court will dismiss with prejudice Plaintiff's Count VII - HIPAA Violations and Count VIII - False Claims (Federal) and will grant Plaintiff's Amended Motion to Remand.

## II. Motion for TRO and Preliminary Injunction

The Court having granted Plaintiff's Amended Motion to Remand finds that Plaintiff's Motion for TRO and Preliminary Injunction is found as moot.

## CONCLUSION

For the reasons stated, Plaintiff's Count VII - HIPAA Violations and Count VIII - False Claims (Federal) are hereby dismissed with prejudice and Plaintiff's *Pro Se* Amended Motion to Remand is **GRANTED**. It is hereby **ORDERED** that this matter be **REMANDED** to the Circuit Court of Taney County, Missouri.

Further, Plaintiff's *Pro Se* Motion for a TRO and Preliminary Injunction is **FOUND AS MOOT**.

**IT IS SO ORDERED**.

DATED: March 4, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**